IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLOTTE SIMMONS                                                    PLAINTIFF

vs.                                Civil No. 6:14-cv-06144

CAROLYN W. COLVIN                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Charlotte Simmons ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the

Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final

decision of the Commissioner of the Social Security Administration ("SSA") denying her

applications for Supplemental Security Income ("SSI"), Disability Insurance Benefits ("DIB"), and

a period of disability under Titles II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.    __Background:__

Plaintiff protectively filed her disability applications on April 1, 2011.  (Tr. 60, 206-218).

In her applications, Plaintiff alleges being disabled due to fibromyalgia, bipolar disorder, and

cirrhosis of the liver.  (Tr. 242).  Plaintiff alleges an onset date of Feburary 5, 2011.  (Tr. 60).

Plaintiff's applications were denied initially and again upon reconsideration.  (Tr. 115-118).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. _____"  The
transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 135-171). Plaintiff's administrative hearing was held on July 16, 2013 in Little Rock, Arkansas. (Tr. 87-114). At this hearing, Plaintiff was present and was represented by Sherri McDonough. *Id.* Plaintiff and Vocational Expert ("VE") Beth Clem testified at this hearing. *Id.*

On September 24, 2013, after the administrative hearing, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 57-70). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 62, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 5, 2011, her alleged onset date. (Tr. 62, Finding 2). The ALJ determined Plaintiff suffered from the following severe impairments: left tibia plateau fracture, status post open reduction and internal fixation (ORIP); cervical spine degenerative disc disease; mild memory loss due to head trauma; bipolar disorder; generalized anxiety disorder; and posttraumatic stress disorder. (Tr. 63, Finding 3). The ALJ also determined, however, that Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 63-65, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 65-69, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the capacity to perform the following:

> The claimant retains the residual functional capacity to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk six hours in an eight-hour workday; sit for six hours in an eight-hour workday; and push and/or pull 20 pounds

2

occasionally and 10 pounds frequently.  She can occasionally climb stairs, balance, kneel and crawl, as well as, frequently stoop and crouch.  Further, the claimant retains the mental residual functional capacity to understand, remember, and carry out simple job instructions; make judgments in simple work-related situations; respond appropriately to coworkers and supervisors with occasional, incidental contact that is not necessary to the job; have no dealings with the public in performance of her job; and respond appropriately to minor changes in the usual work routine.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW").  (Tr. 70, Finding 6).  Considering her RFC, the ALJ determined Plaintiff retained the capacity to perform her PRW as a housekeeper (light, unskilled).  *Id.*  Because Plaintiff retained the capacity to perform this PRW, the ALJ determined she had not been under a disability, as defined by the Act, from February 5, 2011 through the date of the ALJ's decision or through September 24, 2013.  (Tr. 70, Finding 7).

Thereafter, Plaintiff requested the review of the Appeals Council.  (Tr. 55).  The Appeals Council denied Plaintiff's request for review.  (Tr. 1-3).  On December 15, 2014, Plaintiff filed her Complaint in this matter.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on December 17, 2014.  ECF No. 5.  Both Parties have filed appeal briefs.  ECF Nos. 9-10.  This case is now ready for decision.[2]

## 2.   **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g)

---

[2] As an additional matter, although the ALJ did not address this issue in his decision or at the hearing in this matter, Plaintiff's medical records reflect the fact she was thirty-five (35) years old on the date of the ALJ's decision.  *See* Tr. 922.  As such, she is categorized as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI).

3

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.**     **Discussion:**

In her appeal brief, Plaintiff raises two arguments for reversal: (A) the ALJ erred in his evaluation of Listings 12.04 and 12.06; and (B) the ALJ erred by concluding she retained the RFC to perform light work. ECF No. 9. In her response, Defendant argues the ALJ properly considered Listings 12.04 and 12.06 when evaluating Plaintiff's alleged disability, and Defendant argues the ALJ properly assessed Plaintiff's RFC and PRW. ECF No. 10 at 1-20. The Court will address both of Plaintiff's arguments for reversal.

**A.**     **Listings 12.04 and 12.06**

Plaintiff argues her impairments meet the requirements of Listings 12.04 and 12.06. ECF No. 9 at 14-17. Listing 12.04 (Affective Disorders) and Listing 12.06 (Anxiety-Related Disorders) each have specific criteria that must be met for Plaintiff to qualify as disabled under one of them. Plaintiff has the burden of demonstrating her impairments meet the requirements of either one of

these.  *See Johnson v. Barnhart,* 390 F.3d 1067, 1070 (8th Cir. 2004) ("The burden of proof is on the plaintiff to establish that his or her impairment meets or equals a listing").  Here, Plaintiff has not demonstrated her impairments meet all the requirements of either one of these Listings.

Notably, both Listing 12.04 and 12.06 have "A" and "B" criteria that must be met for a claimant to qualify as disabled under either Listing 12.04 or 12.06.  Plaintiff, however, has offered no evidence demonstrating she meets the requirements of the "A" criteria.  She only references the "B" criteria in her briefing.  ECF No. 9 at 14-17.  Plaintiff has the burden of demonstrating her impairments meet all of the requirements of a given Listing.  *See Johnson,* 390 F.3d at 1070.  Here, because Plaintiff has not demonstrated her impairments meet the requirements of *both* the "A" and "B" criteria, Plaintiff has not met that burden.

Thus, the Court will not engage in speculation as to whether those requirements might be met and will not address this issue further.  *See Vandenboom v. Barnhart,* 421 F.3d 745, 750 (8th Cir. 2005) (rejecting "out of hand" a social security appellant's conclusory assertion that the ALJ failed to consider whether he met the Listings where the appellant provided no analysis of the relevant law or facts).

**B.      RFC Assessment**

Plaintiff claims the ALJ erred in determining she retains the RFC to perform her PRW.  ECF No. 9 at 17-20.  In making this argument, the only evidence she relies upon is a three-page checklist form from Dr. Rhonda Mattox, M.D.  *Id.*  In this report, Dr. Mattox found Plaintiff was "extremely limited in her ability to respond appropriately with supervisors and coworkers."  (Tr. 69, 828-830).  Dr. Mattox also found Plaintiff had an extreme limitation in her ability to "respond appropriately to usual work situations and to changes in routine work setting."  (Tr. 829).

6

In his decision, the ALJ discounted Dr. Mattox's "extreme" findings. Notably, the ALJ discounted Dr. Mattox's findings because they "likely rest[] heavily on the claimant's self-report, which has significant credibility concerns." (Tr. 69). As the ALJ found, Plaintiff had very little credibility based upon the following findings: (1) she demonstrated having "drug seeking" behavior on multiple occasions; (2) she had a history of illicit drug use which included marijuana and cough syrup; (3) she performed a wide range of daily activities; and (4) she was able to work after her alleged onset date and posted an income of $15,811 after her alleged onset date. (Tr. 65-69).

Based upon this review, the Court finds these are sufficient reasons for discounting Plaintiff's subjective complaints. *See McDade v. Astrue,* 720 F.3d 994, 998 (8th Cir. 2013) (credibility determination is entitled to deference if supported by good reasons and substantial evidence). Thus, the Court also finds the ALJ's decision to discount Dr. Mattox's "extreme" findings was supported by substantial evidence and should be affirmed.

### 4.    Conclusion:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 31st day of July 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

7